**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5648

CHARLES RAYMOND WABLE,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-24)

Submitted: May 16, 1996

Decided: May 31, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Stephanie D. Thacker, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Raymond Wable entered a guilty plea to one count of breaking into a post office, 18 U.S.C. § 2115 (1988), and was sentenced to a term of twenty-seven months imprisonment. He appeals his sentence, alleging that the district court erred by imposing a two-level increase for obstruction of justice. We affirm.

Wable argues that the court erred in imposing the two level increase because USSG § 3C1.1,* which allows enhancements for obstruction of justice, was not intended to apply to "mere flight," and the district court failed to specify the extraordinary circumstances that distinguish this case from avoidance of or flight from arrest.

In this case, however, Wable did far more than simply avoid or flee from arrest. He left the jurisdiction and remained a fugitive for over three weeks. During that time, he stole two cars, fled from authorities a second time by pushing down a deputy in New Mexico, and lied to state authorities about his name and birthdate. This differs greatly from the situation where, for example, a criminal makes an instinctive dodge to avoid arrest. See United States v. Mondello, 927 F.2d 1463, 1466-67 (9th Cir. 1991); see also United States v. John, 935 F.2d 644, 648 (4th Cir. 1991) ("mere flight" usually involves passive or instinctive conduct).

The district court has broad discretion to apply § 3C1.1 to a wide range of conduct. United States v. Lyon, 959 F.2d 701, 707 (8th Cir. 1992). Finding that Wable's actions were calculated to "avoid detection and identification," the district court imposed the increase, and there is no reason to conclude that it erred in so doing.

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

Because Wable has shown no error by the district court in its application of the Sentencing Guidelines in this case, the sentence imposed is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED